Judge Logan
delivered the opinion of the court.
This was an action of ejectment, in which the demise is laid in the declaration, to have been severally made by the Jessors of the plaintiff Norborne B. Bealle of one half, William G. Galt and Matilda his wife, of one fourth, and Matilda Maupin of one fourth.
The appellants were, upon entering into the common rule, admitted defendants, and pleaded not guilty; upon which, issue was joined, and a verdiet rendered, subject to the opinion of the court upon the law of the case.
iIeir9d^?^ severatly^'in ejectment.
A plaintiff may recover less than he «Ismands.bui Haywmftso —Squire» vs. Riggs.
Pope, Talbot and Blair, for appellants, Bibb and Littelf contra.
A patent comprehending the land in controversy, issued ^r0m c°tnmonwehhh of Virginia, to Samuel Bealle, the ancestor of the lessors of the plaintiff; who, in the year 1793, departed this life, leaving the lessors as his only children. Harriet, one of his daughters, intermarried with Richard A. Maupin, had issue Matilda Maupin, one of the lessors, and died before the commencement of this suit, her daughter still being an infant, and her husband, the ancestor of said infant, yet living. And Matilda Bealle, the other lessor, intermarried also prior to the bringing of this suit, with William C. Galt, a lessor of the plaintiff.
Upon these facts the court being of opinion that the law was for the plaintiffs, rendered judgment in their favor, for five-sixths of the land in contest: from which this appeal is prosecuted.
Two questions arise, first: whether this action can be maintained upon the demise, as laid in the declaration? And secondly, if it can, whether the judgment is rendered for the proper quantity?
Upon the first point the decision in the case of Ward's heirs vs. Harrison, 3 Bbb, 305, we think applicable, and maintains the affirmative of the proposition,
And upon the second question, wf have still less doubt of the correctness of thejudgment-
That the plaintiff- may recover less than he declares for, admits of no doubt. lie might, therefore, upon the demise for a half, recover a third only.- But could not regularly recover more than a fourth on a demise for that quantity. From the case exhibited, each was entitled to a third part, ^ut *'!K‘ demise h'om the daughters was for a fourth only: so that a recovery thereon, though founded on the evidence of a greater interest, could not properly exceed a fourth-— a ’n °f the daughters, and one-third in 5⅛11 °f Norborne; which is 1666f of the 2000 acres, or five sixths thereof.
Other points suggested in argument, we have deemed unnecessary to notice.
Thejudgment must be affirmed with cost.